UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Larry Finch, )
)
    Petitioner, )
)
v. ) Civil Action No. 10 0715
)
United States of America, )
)
    Respondent. )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on the petitioner's application for a writ of habeas corpus, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

The petitioner is a prisoner at the Beckley Federal Correctional Institution in Beaver, West Virginia. He challenges his conviction for aggravated assault and assault with a dangerous weapon following a jury trial in the Superior Court of the District of Columbia. *See* Pet. at 2. Petitioner claims, among other wrongs, that his conviction was based on fraudulent testimony and that he was denied the effective assistance of counsel at trial. He also claims that he is innocent.

It is well established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986),

*cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). The Superior Court and the D.C. Court of Appeals have entertained petitioner's collateral challenges to his conviction. *See* Pet. at 4. The petitioner's lack of success in those courts, however, does not render his local remedy inadequate or ineffective, *see Garris v. Lindsay*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases), and petitioner has provided no other basis for finding the local remedy inadequate. *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009) (concluding that this Court would have jurisdiction over a "federal habeas petition asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals[.]"). This Court therefore lacks authority to entertain the petition.[1]

United States District Judge

Date: April 14, 2010

---

[1] A separate Order of dismissal accompanies this Memorandum Opinion.